## In re Adoption of Henderson

C.P. of Perry County, no. 882 of 1997.

*Charles Petrie,* for natural father and adopting mother.

*Chrystal Prosser,* for natural mother.

QUIGLEY, *P.J.,* September 3, 1998—Before the court is a motion for post-trial relief filed by the natural mother. Her parental rights were terminated by an order of court dated January 20, 1998. She raises three issues for post-trial relief. First, the natural mother received insufficient notice as required by 23 Pa.C.S. §2513; second, that there was insufficient evidence for finding a ground of termination under 23 Pa.C.S. §2511(a)(1);

and third, that there was insufficient evidence to prove that termination was in the best interest of the child as required by 23 Pa.C.S. §2511(b).

First, Mother claims that she did not receive notice of the hearing in proper form and consequently she was prejudiced. 23 Pa.C.S. §2513 sets out a standard form to be sent to a natural parent when her rights are going to be terminated. Mother claims to have never received this notice and asks this court to dismiss the petition.

This court is satisfied that Mother had adequate notice. She attended the hearing and presented her case. Moreover, she was also represented by counsel provided to her by the county. Mother was given a full opportunity to be heard and was given a chance to present a defense to the petition. Thus, this court finds that she had adequate notice and was not deprived of due process.

The remaining issues in the post-trial motions suggest that petitioners did not meet their burden of proof. The petitioners must present clear and convincing evidence that first, a parent/mother for a period of at least six months evidenced or failed to perform parental duties and second, that termination is in the best interests of the children. 23 Pa.C.S. §2311. See also, *In re V.E.*, 417 Pa. Super. 68, 611 A.2d 1267 (1992). This court is convinced that the petitioner's burden has been met.

Mother has not made any meaningful contacts with the children and has not performed parental duties. She has had some roadblocks to communication with her children; however, her actions to avoid these obstacles have not been adequate. Mother did not even mail Christmas gifts for fear the children would not receive them. Even if the children had not gotten the gifts, Mother's action of mailing the gift may have demonstrated a parental relationship. However, she chose not to proceed

with this action. These are but a few examples of inadequacy and taking the record on the whole, there is clear and convincing evidence that Mother has failed to perform parental duties and her rights are terminable.

The court cannot stop here, however; the court must consider the best interests of the child. 23 Pa.C.S. §2311(b). In this case, it is in the children's best interests to terminate. The idea of a stable home with a mother and a father is in the children's best interests. Moreover, the children have not been in contact with the natural mother for over four years. During this time they have known only the adopted mother as "Mom." It is in their best interests for this to continue.

## ORDER

And now, September 3, 1998, in accordance with this court's memorandum of January 20, 1998, and supplemental memorandum of September 3, 1998, the termination of parental rights of natural mother in Kristina Nicole Henderson and Charles Wade Henderson be and are hereby terminated.